UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JENNIFER FAY BURKE,

                       Plaintiff,

-vs-                       **No. 6:17-CV-06369 (MAT)**
                                        **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                       Defendant.

---

## I. Introduction

Represented by counsel, plaintiff Jennifer Fay Burke ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security (the "Commissioner" or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

## II. Procedural History

Plaintiff protectively filed applications for DIB and SSI on March 31, 2014, alleging disability as of December 31, 2013 due to back problems, post-traumatic stress disorder ("PTSD"), and gynecological problems. Administrative Transcript ("T.") 78, 144-53. Plaintiff's applications were initially denied. T. 94-103. At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Hope Grunberg on October 5, 2015. T. 38-77. On January 4, 2016, the ALJ issued an unfavorable decision. T. 8-27. On April 17, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the Commissioner's final decision. T. 1-7. This action followed.

## III. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520, 416.920. Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2013. T. 13. At step one of the five-step sequential evaluation, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 31, 2013, the alleged onset date. T. 14. At step two, the ALJ found that Plaintiff suffered from the severe impairments of degenerative disc disease of the lumbar spine, obesity, PTSD, unspecified anxiety disorder, attention deficit hyperactivity disorder, mood disorder, and obsessive-

2

compulsive disorder, as well as the non-severe impairments of urinary/gynecological issues, pelvic congestion syndrome, acid reflux, left eye inflammation, and bronchitis. *Id*.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. T. 15. The ALJ particularly considered Listings 1.04, 12.02, 12.04, 12.06, and 12.08 in reaching this determination. T. 15-17.

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following additional limitations: can lift and carry 20 pounds occasionally and 10 pounds frequently; can stand or walk up to 6 hours and sit up to 6 hours of an 8-hour workday; can frequently stoop; is limited to understanding, remembering, and carrying out simple, routine, and repetitive tasks. T. 17.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. T. 22. At step five, the ALJ relied on the testimony of a vocational expert to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. T. 23-24. Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. T. 24.

3

## IV. Discussion

### A. Scope of Review

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

Here, Plaintiff contends that the ALJ's RFC finding was not supported by substantial evidence, because (1) the ALJ failed to obtain any statement from a treating source regarding Plaintiff's physical limitations, (2) the opinion of consultative examiner Dr. Harbinder Toor was too vague to support the ALJ's findings, and

4

(3) the ALJ failed to account for Plaintiff's limitations in dealing with stress. For the reasons discussed below, the Court finds that remand of this matter for further administrative proceedings is appropriate.

   **B.   Failure to Obtain Treating Source Opinion and Sufficiency of Dr. Toor's opinion**

Plaintiff's first argument is that the ALJ erred in failing to develop the record by seeking a treating source's opinion regarding her physical limitations. Plaintiff further argues that the ALJ's error was not harmless, in part because Dr. Toor's consultative opinion was impermissible vague and therefore insufficient to permit the ALJ to make an RFC finding supported by substantial evidence. For the reasons discussed below, the Court agrees.

"[S]ocial security hearings are not (or at least are not meant to be) adversarial in nature." *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 508 (2d Cir. 2009). As such, "[i]t is the rule in our circuit that the ALJ, unlike a judge in a trial, must . . . affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." *Tejada,* 167 F.3d at 774 (internal quotation omitted). "[A]n ALJ's obligation to develop the record is heightened where the claimant appears *pro se*." *Batista v. Barnhart*, 326 F. Supp. 2d 345, 353 (E.D.N.Y. 2004).

"An ALJ's duty to develop the record includes seeking opinion evidence, usually in the form of medical source statements, from

5

the claimant's treating physicians." *Annabi v. Berryhill*, No. 16-CV-9057 (BCM), 2018 WL 1609271, at *17 (S.D.N.Y. Mar. 30, 2018). An ALJ need not recontact a treating physician to obtain a function by function analysis in every case; instead, "[t]he need for a medical source statement from the treating physician hinges on the circumstances of the particular case, the comprehensiveness of the administrative record, and, at core, whether an ALJ could reach an informed decision based on the record." *Greenhaus v. Berryhill*, No. 16 CIV. 10035 (RWL), 2018 WL 1626347, at *9 (S.D.N.Y. Mar. 30, 2018). Remand is appropriate "where the medical record available to the ALJ is not robust enough to obviate the need for a treating physician's opinion." *Hooper v. Colvin*, 199 F. Supp. 3d 796, 815 (S.D.N.Y. 2016) (internal quotation omitted).

In this case, the Court finds that the medical evidence of record was not sufficiently developed to relieve the ALJ of the obligation to seek an opinion from Plaintiff's treating sources. Plaintiff was proceeding *pro se* at the hearing level, and therefor the ALJ had a heightened duty to develop the record. From the evidence that was presented, it is clear that Plaintiff suffers from significant spinal impairments. An MRI of Plaintiff's spine taken in February 2015 showed grade 2 L5-S1 anteriolisthesis associated with bilateral L5 spondylolysis, with marked narrowing and abnormal signal intensity of the L5-S1 disc space. T. 401. The overall impression from this imaging study was "high grade

6

bilateral foraminal stenosis associated with a grade 2 spondylolisthesis and bilateral spondylolysis." *Id*. Plaintiff's treating orthopedist, Dr. Peter Capicotto, stated that this MRI was "very impressive for a grade 2 spondylitic spondylolithesis" and opined that Plaintiff's back pain and bilateral leg pain were "probably secondary to her listhesis." T 414-15. Dr. Capicotto recommended surgical intervention consisting of an L5-S1 fusion. T. 415. Plaintiff's treating neurologist, Dr. Darrick Alaimo, similarly opined that Plaintiff's spondylolithesis was "one of the major causes of [Plaintiff's] symptoms." T. 409. This was therefore not a case in which the ALJ could determine from medical records alone what functional limitations Plaintiff might have as a result of her back problems. *See, e.g., Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (noting that except in cases where "where the medical evidence shows relatively minor physical impairment" such that the ALJ can "render a common sense judgment about functional capacity even without a physician's assessment," an ALJ "is not qualified to assess a claimant's RFC on the basis of bare medical findings").

Moreover, the Court agrees with Plaintiff that Dr. Toor's consultative opinion was impermissibly vague, and therefore cannot provide substantial evidence to support the ALJ's conclusions. Dr. Toor examined Plaintiff on May 20, 2014. T. 283-86. He observed that Plaintiff had lumbar spine forward flexion of only 20 degrees, extension of zero degrees, and lateral flexion and lateral rotation bilaterally of only 30 degrees. T. 285. Straight leg

7

raising tests were positive both sitting and supine bilaterally at 20 degrees. *Id*. Dr. Toor opined that Plaintiff had a "moderate limitation standing, walking, and sitting for a long time" and a "moderate to severe limitation bending or heavy lifting." *Id*. He further stated that "[p]ain interferes with [Plaintiff's] physical routine." *Id*.

"[D]octors' opinions assigning 'mild' or 'moderate' limitations in work-related activities can be too vague to support RFC assessments for sedentary or light work." *Moe v. Colvin*, No. 1:15-CV-00347(MAT), 2017 WL 6379239, at *5 (W.D.N.Y. Dec. 14, 2017). The key question is whether the physician's vague language is "rendered more concrete by the facts in the underlying opinion and other opinion evidence in the record." *Phillips v. Comm'r of Soc. Sec.*, No. 6:17-CV-057 (WBC), 2018 WL 1768273, at *5 (N.D.N.Y. Apr. 11, 2018). In this case, there is no other opinion evidence of record that could render Dr. Toor's language more concrete. Moreover, the facts in the underlying opinion do not shed additional light on what precise functional limitations Dr. Toor was identifying. To the contrary, Dr. Toor's observation that Plaintiff's pain was sufficient to interfere with her "physical routine," as well as the significant limitations he found on physical examination, suggest that he may well have believed Plaintiff was more limited than the ALJ ultimately concluded. On these facts, the Court concludes that Dr. Toor's opinion was simply too vague to constitute substantial evidence in support of the ALJ's determinations.

Additionally, even were the Court to agree with the Commissioner that Dr. Toor's opinion was not impermissibly vague, the Commissioner has offered no plausible explanation how Dr. Toor's statement that Plaintiff has a severe limitation in bending is consistent with the ALJ's finding that she is capable of frequent stooping. The ALJ made no attempt to reconcile this inconsistency, instead claiming that "Dr. Toor's findings are accommodated for in the . . . residual functional capacity." T. 20. When an ALJ adopts some portions of a medical opinion but rejects others, he must explain why he did not adopt the rejected portions. *See* Soc. Sec. Ruling 96-8p (1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted"); *see also Labonte v. Berryhill*, No. 16-CV-518-FPG, 2017 WL 1546477 at *3 (W.D.N.Y. May 1, 2017)) ("when an ALJ adopts only portions of a medical opinion he or she must explain why the remaining portions were rejected"). In this case, the ALJ apparently rejected Dr. Toor's opinion that Plaintiff had a severe limitation in bending, but offered no explanation for that rejection. This fact further supports the Court's conclusion that Dr. Toor's opinion does not provide substantial evidence in support of the ALJ's RFC finding.

Accordingly, and for the reasons discussed above, the Court finds that the ALJ's failure to seek an opinion from Plaintiff's treating sources constituted a breach of the duty to develop the record. This breach was not harmless, because Plaintiff suffers

from serious spinal impairments and Dr. Toor's opinion (the sole opinion of record regarding Plaintiff's physical limitations) was too vague to permit the ALJ to make an informed RFC finding. Accordingly, remand of this matter for further proceedings is required. On remand, the ALJ shall affirmatively request medical source statements from Plaintiff's treating physicians. If the ALJ is unable to obtain such statements, an additional consultative examination may be necessary.

C. **Failure to Account for Plaintiff's Stress**

Plaintiff has also argued that the ALJ erred in failing to account for Plaintiff's limitations in dealing with stress in the RFC finding. Again, the Court agrees.

"An ALJ is required to specifically inquire [into] and analyze a claimant's ability to manage stress." *Booker v. Colvin*, No. 14-CV-407S, 2015 WL 4603958, at *3 (W.D.N.Y. July 30, 2015) "Because stress is highly individualized, mentally impaired individuals may have difficulty meeting the requirements of even so-called 'low-stress' jobs, and the Commissioner must therefore make specific findings about the nature of a claimant's stress, the circumstances that trigger it, and how those factors affect his ability to work." *Stadler v. Barnhart*, 464 F.Supp.2d 183, 189 (W.D.N.Y. 2006) (internal quotations omitted).

In this case, consultative psychiatric examiner Dr. Yu-Ying Lin performed an assessment of Plaintiff and concluded that she was "moderately to markedly limited in appropriately dealing with stress." T. 290. In her decision, the ALJ purported to give

"great weight" to Dr. Lin's opinion, and stated that "Dr. Lin's assessment is accommodated for in the above residual functional capacity limiting [Plaintiff] to unskilled work involving only simple, routine and repetitive tasks." T. 21. However, nowhere did the ALJ specifically address Dr. Lin's opinion that Plaintiff was moderately to markedly limited in appropriately dealing with stress, nor did the ALJ perform the requisite individualized assessment of Plaintiff's limitations in dealing with stress. Accordingly, the Court further finds that remand of this matter for appropriate consideration of Plaintiff's mental health limitations is necessary.

## V. Conclusion

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 10) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. In light of the fact that Plaintiff's applications were initially filed in March 2014 (over four years ago), on remand, the administrative proceedings shall be conducted on an expedited basis, to be completed no later than December 31, 2018. The Commissioner's motion for judgment on the pleadings (Docket No. 11) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                         **S/Michael A. Telesca**

                                      HON. MICHAEL A. TELESCA
                                      United States District Judge

Dated: April 25, 2018
       Rochester, New York.